# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| F3 Crossroads Foundation, NFP<br>**PLAINTIFF**<br><br>v.<br><br>MudGear, LLC<br><br>**DEFENDANT** | Case No. 23-cv-15878 |

## COMPLAINT

Plaintiff F3 Crossroads Foundation, NFP, hereafter "F3 Crossroads Foundation" hereby alleges against Defendant MudGear, LLC the following:

## PARTIES

1. Plaintiff is an Illinois Not-For-Profit having its principal place of business at 13040 Grande Pines Boulevard, Plainfield, Illinois 60585.

2. Defendant MudGear, LLC is a North Carolina Limited Liability Company having its principal business address at 301 S McDowell Street Suite 125 1455 Charlotte, North Carolina 28204.

## NATURE OF ACTION AND JURISDICTION

3. This is an action for trademark infringement, unfair competition, and trademark dilution under the Lanham Act (15 U.S.C. § 1051 *et seq.*); and for deceptive trade practices under Illinois law.

4. This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 & 1338, and supplemental jurisdiction over F3 Crossroads Foundation's state-law claim under 28 U.S.C. § 1367(a).

5. Defendant is subject to personal jurisdiction in this District based upon its minimum contacts with the state of Illinois.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), in that Plaintiff resides in this judicial district and all or a substantial part of the events or omissions giving rise to the claims occurred within this judicial district.

## FACTS

### I. F3 Crossroads Foundation's Trademarks

7. F3 Crossroads Foundation has been engaged in the business of, among other things, charitable fundraising services by means of using fitness-based activities to raise money for organizations and individuals in need.

8. At least as early as July 17, 2020, F3 Crossroads Foundation has continuously used in commerce the name and mark F3 Crossroads Foundation in connection with various charitable fundraising fitness-based services to raise money for organizations and individuals in need.

9. F3 Crossroads Foundation displays its distinctive F3 Crossroads Foundation name and mark in different stylizations or non-stylized formats in conjunction with its charitable fundraising fitness-based services.

10. The F3 Crossroads Foundation Logos are displayed, among other places, on an Archway at Plaintiff's running events, brochures, bib boards, pens, magnets, shirts, jackets, polos, race roster & other racing websites, Facebook page, F3 Crossroads Foundation's downloadable application, flags, banners, tablecloths, and other merchandise.

11. F3 Crossroads Foundation has hosted events using F3 Crossroads Foundation's F3 Crossroads Foundation name, stylized marks, non-stylized marks, and logos (the F3 Crossroads Foundation name, marks, and logos are referred to collectively herein as the "F3 Crossroads Foundation Marks").

12. F3 Crossroads Foundation has annually spent significant monies advertising and promoting these services under the F3 Crossroads Foundation Marks.

13. Accordingly, F3 Crossroads Foundation has developed goodwill, public recognition, and strong rights in its F3 Crossroads Foundation Marks, which consumers have come to know and trust as symbols of quality, integrity, and value.

14. The F3 Crossroads Foundation Marks are inherently distinctive, serving to identify and indicate the source of F3 Crossroads Foundation's services to the consuming public, and to distinguish F3 Crossroads Foundation's services from those of others.

15. As a result of F3 Crossroads Foundation's consistent and widespread use and promotion of the F3 Crossroads Foundation Marks, the marks have become distinctive to designate F3 Crossroads Foundation's services, to distinguish F3 Crossroads Foundation's services from the services of others, and to distinguish the source or origin of F3 Crossroads Foundation's services.

16. As a result of the consistent and widespread use and promotion by F3 Crossroads Foundation, the F3 Crossroads Foundation Marks have become extremely well known and widely recognized by consumers throughout the State of Illinois and the United States to indicate the source of F3 Crossroads Foundation's services.

17. As a result of F3 Crossroads Foundation's consistent and widespread use and promotion of the F3 Crossroads Foundation Marks, F3 Crossroads Foundation has developed valuable goodwill in the F3 Crossroads Foundation Marks.

18. F3 Crossroads Foundation owns five federal trademark registrations for the F3 Crossroads Foundation Marks with the following four federal trademark registrations at issue in this matter:

    A. Registration No. 7022854

    B. Registration No. 7022841

    C. Registration No. 7022856

    D. Registration No. 7022789

19. These registrations are valid and owned by F3 Crossroads Foundation.

20. Currently, F3 Crossroads Foundation's trademark, "F3 Crossroads Foundation", Registration No. 7,022,854 is the subject of a cancellation action before the Trademark Trial and Appeal Board filed by F3 Foundation, Inc. and F3 Nation, Inc. (Cancellation No. 92082108).

## II. Defendant's Unlawful Activities

21. Defendant MudGear, LLC (the "Infringing Business") is a North Carolina limited liability company that offers clothing apparel, including but not limited to socks, calf sleeves, shirts, hoodies, running shorts, hats, and head bands.

22. Defendant MudGear, LLC also offers gear including but not limited to gloves, padded arm sleeves, tac hats, weighted sandbags, car seat protectors, magnets, and temporary tattoos.

23. Defendant MudGear, LLC is the official gear provider of F3 Nation.

24. On August 4, 2021, Plaintiff's President, Jon Walrath, advised Defendant MudGear, LLC's representative that a local Plainfield, Illinois group may attempt to use Plaintiff's F3 Crossroads Foundation Marks by submitting custom orders on Defendant's website.

25. On August 5, 2021, Plaintiff's President Jon Walrath received a response from

Defendant's representative, Malko, that Defendant would alert its team and remove any orders immediately that used F3 Crossroads Foundation Marks.

26. On March 1, 2022, Plaintiff's President Jon Walrath advised F3 Nation's President, Frank Schwartz, that the local Plainfield, Illinois group was not affiliated with Plaintiff in any manner.

27. Despite the issuance of multiple "cease and desist" letters to Defendant, it has continued to use F3 Crossroads Foundation Marks by printing orders on behalf of the local Plainfield, Illinois group.

28. Defendant is also using F3 Crossroads Foundation Marks on its website to promote its custom gear flags.

29. Defendant's use of F3 Crossroads Foundation Marks has been, and continues to be, without the permission or authorization of F3 Crossroads Foundation.

### III. Adverse Impact of Defendant's Unlawful Activities on F3 Crossroads Foundation and the Consuming Public

30. Defendant's unauthorized use of the F3 Crossroads Foundation Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of F3 Crossroads Foundation as to some affiliation, connection, or association of Defendant's business with F3 Crossroads Foundation, or as to the origin, sponsorship, or approval of Defendant's goods and/or services.

31. Defendant's unauthorized use of the F3 Crossroads Foundation Marks falsely indicates to the purchasing public that Defendant, its business, and its services originate with F3 Crossroads Foundation, or are affiliated or associated with F3 Crossroads Foundation, or are sponsored, endorsed, or approved by F3 Crossroads Foundation, or are in some manner related to

F3 Crossroads Foundation or its services.

32. Defendant's unauthorized use of the F3 Crossroads Foundation Marks falsely designates the origin of Defendant's services, and falsely or misleadingly describes and represents facts with respect to Defendant and its services.

33. Defendant's unauthorized use of the F3 Crossroads Foundation Marks is likely to cause dilution of the Plaintiff's F3 Crossroads Foundation Marks.

34. Defendant's unauthorized use of the F3 Crossroads Foundation Marks enables Defendant to trade on and receive the benefit and goodwill built up at great labor and expense over by F3 Crossroads Foundation, and to gain acceptance for Defendant's services not solely on Defendant's own merits, but on the reputation and goodwill of F3 Crossroads Foundation and its marks, trade dress, goods, and services.

35. As a result of Defendant's unauthorized use of the F3 Crossroads Foundation Marks, Defendant is being unjustly enriched at the expense of F3 Crossroads Foundation and the public.

36. Defendant's unauthorized use of the F3 Crossroads Foundation Marks removes from F3 Crossroads Foundation the ability to control the nature and quality of the services provided under its marks and its reputation and goodwill associated with those marks, and thus places the valuable reputation and goodwill of F3 Crossroads Foundation in the hands of Defendant, over whom F3 Crossroads Foundation has no control, thereby causing irreparable harm to F3 Crossroads Foundation and its Marks.

37. Unless these unfair and deceptive practices and acts of unfair competition by Defendant is restrained by this Court, it will continue to cause irreparable harm to F3 Crossroads Foundation and to the public, for which there is no adequate remedy at law.

IV. **Willful Nature of Defendant's Wrongful Acts**

38. Defendant's acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith.

39. Despite being fully aware that Plaintiff is the owner of the F3 Crossroads Foundation Marks and being personally advised by Plaintiff's President Jon Walrath that a local Plainfield, Illinois group was intent on using Defendant as a conduit to copy its F3 Crossroads Foundation Marks, Defendant's actions establish that Defendant's use of the F3 Crossroads Foundation Marks is a knowing and conscious disregard of F3 Crossroads Foundation's trademark rights.

40. In light of the willful nature of Defendant's actions, this is an exceptional case within the meaning 15 U.S.C. § 1117(a).

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

41. F3 Crossroads Foundation repeats the above allegations as if fully set forth herein.

42. The acts of Defendant complained of herein constitute infringement of F3 Crossroads Foundation's federally registered trademarks in violation of 15 U.S.C. § 1114.

43. F3 Crossroads Foundation has been damaged by Defendant's acts of federal trademark infringement.

44. Defendant's infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT II: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

45. F3 Crossroads Foundation repeats the above allegations as if fully set forth herein.

46. The acts of Defendant complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

47. F3 Crossroads Foundation has been damaged by Defendant's acts of unfair competition and false designation of origin.

48. Defendant's acts of unfair competition and false designation of origin have been

willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT III: FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

49. F3 Crossroads Foundation repeats the above allegations as if fully set forth herein.

50. The acts of Defendant complained of herein constitute dilution by the weakening of F3 Crossroads Foundation's F3 Crossroads Foundation Marks in violation of 15 U.S.C. § 1125(c).

51. Defendant willfully intended to trade on the recognition of the F3 Crossroads Foundation Marks, and to harm the reputation of the famous F3 Crossroads Foundation Marks.

52. F3 Crossroads Foundation has been damaged by Defendant's acts of federal trademark dilution.

### COUNT IV: ILLINOIS DECEPTIVE TRADE PRACTICES
### (815 ILCS 510/2)

53. F3 Crossroads Foundation repeats the above allegations as if fully set forth herein.

54. The acts of Defendant complained of herein constitute deceptive trade practices in violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

### PRAYER FOR RELIEF

WHEREFORE, F3 Crossroads Foundation prays that:

a) Defendant, Defendant's agents, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the F3 Crossroads Foundation Marks, any element thereof, and any other name, mark, or trade dress confusingly similar to the F3 Crossroads Foundation Marks;

b) Defendant, Defendant's agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and

|   |   |
|---|---|
|   | permanently remove F3 Crossroads Foundation Marks from the Infringing Business and to otherwise eliminate all elements and instances of the F3 Crossroads Foundation Marks from the Infringing Site and any social media accounts associated with Defendant; |
| c) | Defendant be ordered to file with this Court and to serve upon F3 Crossroads Foundation, within thirty days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction; |
| d) | F3 Crossroads Foundation recover all actual damages it has sustained as a result of Defendant's infringement, dilution, and unfair competition, and that such damages be trebled; |
| e) | An accounting be directed to determine Defendant's profits resulting from Defendant's activities, and that such profits be paid over to F3 Crossroads Foundation, increased as the Court finds to be just under the circumstances of this case |
| f) | F3 Crossroads Foundation recover punitive and/or exemplary damages based on Defendant's malicious, fraudulent, deliberate, willful, intentional, and bad-faith conduct; |
| g) | F3 Crossroads Foundation recover its reasonable and necessary attorneys' fees; |
| h) | F3 Crossroads Foundation recover its costs of this action and prejudgment and post-judgment interest; and |
| i) | F3 Crossroads Foundation recover such other relief as the Court may find appropriate. |

## **DEMAND FOR JURY TRIAL**

Under Fed. R. Civ. P. 38(b), F3 Crossroads Foundation demands a trial by jury on all

issues triable of right by a jury.

Dated: November 10, 2023            Respectfully submitted,

                                             For the Plaintiff

                                             F3 Crossroads Foundation, NFP

                                             By its attorney,

                                             /s/ Wilton A. Person
                                             _____

                                             Wilton A. Person

ARDC # 6290441
Wilton A. Person
Attorney for the Plaintiff
24330 Leski Lane
Plainfield, Illinois 60585
(815) 254-2467
wperson@personlaw.com